IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Eugene P. Luckey, | : | Case No. 1:05cv388 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | ORDER DISMISSING CASE |
| | : | WITHOUT PREJUDICE |
| Butler County, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

Before the Court are Plaintiff Eugene Luckey's Motion for Voluntary Dismissal Without Prejudice[1] (doc. # 9) and two Motions for Judgment on the Pleadings by Defendants Butler County, Ohio, Deputy Daniel Bower and Deputy Richard Wilson (collectively, the "County Defendants") (doc. #4) and Liberty Township, Ohio (doc. #10). For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion, **DENIES** Defendants' Motions **AS MOOT**, and **DISMISSES** this case **WITHOUT PREJUDICE**.

I.    FACTUAL AND PROCEDURAL BACKGROUND

Luckey sued Liberty Township, Butler County, and Butler County Sheriff's Deputies Bower and Wilson under 18 U.S.C.§ 1983, seeking damages for alleged deprivations of his

---

[1] As discussed at note 10, infra, Plaintiff's original Rule 41(a) *Notice* of Dismissal (doc. #6, emphasis added) is procedurally improper and is hereby **STRUCK** from the record.

Fourth Amendment rights.[2] (Doc. # 1 at 2 and 4 ¶ 21.) Luckey contends that on May 28, 2002, Wilson and Bower–acting without a warrant–broke down the door of his house and then physically assaulted, detained, and cited him in a misguided effort to reclaim a lawnmower Luckey's daughter had taken from its owner to satisfy a rent debt. (Id. at 2-4.) Luckey was later tried and acquitted on what he contends were "unwarranted criminal charges" arising from the May 28th, 2002 incident.[3] (Id. at 4.) Luckey filed his § 1983 complaint in this Court on June 7, 2005, seeking property and medical damages, punitive damages, attorney fees and court costs, and other relief. (Id. at 5.) The County Defendants answered on August 8, 2005, and Liberty Township answered on September 27, 2005. (Docs. ##s 3, 5.)

On September 21, 2005, the County Defendants moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), arguing that the relevant statute of limitations

---

[2] Luckey also alleges that Defendants deprived him of "the privileges and immunities guaranteed to him as a citizen of the United States of America under the United States Constitution and 42 U.S.C. § 1983." (Doc. #1, ¶ 21.) Section 1983 does not create any independent federal rights; rather, it provides a cause of action for violations of existing "rights, privileges or immunities secured by the Constitution and laws" of the United States. Moreover, neither of the Constitution's "privileges and immunities" clauses, see U.S. Const. art IV, §2 and amend. XIV, §1, confers any rights that seem relevant to the present action. The Article IV privileges and immunities clause limits states' ability to discriminate against citizens of other states in certain, primarily economic, arenas. See, e.g., Supreme Court of New Hampshire v. Piper, 470 U.S. 274, 279-80, 284 (1985). The Fourteenth Amendment privileges and immunities clause has been narrowly construed and is associated primarily with the right to interstate travel. See, e.g., Saenz v. Roe, 526 U.S. 489 (1999). Plaintiff may well have intended his reference to "privileges and immunities" to encompass all "*rights*, privileges [or] immunities" cognizable in § 1983 actions. However, this reading does not expand the scope of Plaintiff's complaint, because the only such rights specifically referenced in the complaint are the aforementioned Fourth Amendment rights.

[3] These charges, not detailed in the complaint, are presumably related to the citation for menacing and disorderly conduct and wrongful arrest Deputies Wilson and Bower issued to Luckey on May 28, 2002. (Id. at 4; see also doc. #3 at 3 ¶ 3.)

for Luckey's § 1983 claim ran two years from May 28, 2002, and that Luckey's suit is therefore time-barred. (Doc. # 4.) On October 15, 2005, Liberty Township filed its own Rule 12(c) motion for judgment on the pleadings, asserting the same statute of limitations defense previously raised by the County Defendants.[4] (Doc. #10 at 3.) Luckey opposes the motions, arguing that there is a split of authority as to the statute of limitations applicable to 42 U.S.C. § 1983 claims in Ohio,[5] and urging this Court to adopt the four-year statute allegedly endorsed by the Third, Tenth and Eleventh Appellate Districts. (Doc. #8 at 2.)

On October 7, 2005, Luckey filed a "Rule 41(A) Notice of Dismissal" purporting to dismiss this case without prejudice. (Doc. #6.) Liberty Township promptly moved to strike the Notice as improper under Rule 41(a) of the Federal Rules of Civil Procedure, noting that because Defendants had already served their answers, voluntary dismissal without prejudice was available only by consent of all parties or order of this Court. (Doc. #7.) On October 12, 2005, Luckey filed a "Rule 41(a)(2) Motion for Voluntary Dismissal Without Prejudice," asking the Court to dismiss the present action without prejudice and expressing his intent to "re-file this case in state court."[6] (Doc. # 9 at 1.) Liberty Township and the County Defendants both oppose voluntary dismissal without prejudice. (Docs. ##s 11, 14.) Liberty Township argues that the

---

[4] Liberty Township also argues that if Luckey's complaint can be read to encompass any state-law claims, those claims would also be barred by both the relevant state statute of limitations and state-law immunities. (Doc. #10 at 3-4.)

[5] 42 U.S.C. § 1983 does not contain its own statute of limitations, and the United States Supreme Court has directed courts to refer to the law of the state in which the § 1983 action arose to determine the appropriate limitations period. See, e.g., City of Rancho Palos Verdes v. Abrams, 125 S. Ct. 1453, 1460-61 (2005); Sharpe v. Cureton, 319 F3d 259, 266 (6th Cir. 2003).

[6] In an apparent effort to preserve his claims in the event this Court declined to dismiss the case without prejudice, Luckey filed an Opposition to the County Defendants' motion for judgment on the pleadings the same day he moved to dismiss. (Doc. #8.)

statute of limitations question is in fact settled law, and that it is therefore entitled to this Court's immediate determination that a two-year statute governs and time-bars Luckey's suit. (Doc. # 11.) The County Defendants contend that any dismissal of the suit must be *with* prejudice and conditioned on Luckey's payment of Defendants' costs.[7] (Doc. #14.)

All motions are now ripe for review.[8]

## II. JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343(3). Rule 12(c) motions for judgment on the pleadings are subject to the same analysis as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). E.E.O.C. v. J.H. Routh Packing Co., 246 F.3d 850, 851 (6th Cir. 2001). A district court faced with a defendant's motion for judgment on the pleadings "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." Ziegler v. IBP Hog Market, Inc., 249 F.3d 509, 512 (6th Cir. 2001) (citations omitted). Rule 41(a)(2) motions, by contrast, are committed to the "sound discretion of the district court." Grover by Grover v.

---

[7] Immediate dismissal of Luckey's case would end the Court's substantive jurisdiction and thus eliminate the Court's power to entertain the merits of County Defendants' 12(c) motion. See Part III.B, infra. Because it does not appear that County Defendants intended to abandon their 12(c) motion, the Court construes the County Defendants' arguments for dismissal with prejudice and judgment on the pleadings as arguments in the alternative.

[8] Luckey has not replied to Liberty Township's and the County Defendants' oppositions to his dismissal motion, and the relevant reply deadlines have lapsed. However, in the procedural context of this case, there is no colorable argument that Luckey has abandoned his dismissal motion. He presented his dismissal motion as an alternative to granting 12(c) judgment on the pleadings, and Defendants concede in their papers that the dismissal and 12(c) motions present intertwined issues. (See doc. #8 at 3; doc. #11; doc. #13.)

Eli Lilly and Co., 33 F.3d 716, 718 (6th Cir. 1994) (internal citations omitted). Dismissals without prejudice under Rule 41(a)(2) are generally *improper* only where they appear to inflict "plain legal prejudice" on the nonmoving party. Id.

### III.  ANALYSIS

The pending motions effectively invite this Court to either proceed directly to the merits of a potentially dispositive and state-law-bound question, or dismiss the entire case with the expectation that the parties will soon re-litigate that very same question before the Ohio courts.[9] For the reasons set forth below, the Court adopts the latter approach and **DISMISSES** the present action **WITHOUT PREJUDICE** pursuant to Plaintiff's motion under Rule 41(a)(2). Because the Court's power to resolve Defendants' Rule 12(c) motions terminates with this case's dismissal, the Court **DENIES** those motions **AS MOOT**.

### A.  Plaintiff's Motion[10] for Dismissal

---

[9] Contrary to the County Defendants' implication in their opposition, see doc. #14 at 1, the Court need not rule on any pending dispositive motions before entertaining a Rule 41(a) motion to dismiss. Rule 41(a)(2) requires courts who dismiss over defendants' objections to retain any pending *counterclaims* for independent adjudication, but does not refer to other dispositive motions. See Fed Rule Civ. P. 41(a)(2). The Sixth Circuit has indicated that a pending defense motion for summary judgment is a relevant *factor* in the Rule 41(a)(2) analysis. See Grover, 33 F.3d at 718. However, this Court does not read the case law to suggest that the pendency of a summary judgment or similar motion, such as the present motion for judgment on the pleadings, precludes the Court from considering Rule 41(a)(2) motions.

[10] As Defendants note in their responsive pleadings, Luckey's original notice of dismissal (doc. #6) is improper. Rule 41(a) allows a plaintiff to unilaterally dismiss without prejudice only "before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs." Fed. R. Civ. P. 41(a)(1)(i). Luckey filed his notice only after Defendants answered his complaint. (See docs. ##s 3, 4, 5.) The Court therefore **GRANTS** Liberty Township's Motion to Strike (doc. #7), **STRIKES** the Notice (doc. #6), and proceeds directly to the merits of Luckey's later-filed Motion for Dismissal (doc. #9).

1.     **Potential Prejudice to Defendants**

Rule 41(a)(2) of the Federal Rules of Civil Procedure empowers district courts to decide motions for dismissal without prejudice "upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). The "primary purpose" of requiring court approval "is to protect the nonmovant from unfair treatment" in the form of "plain legal prejudice." Grover, 33 F.3d at 718 (internal citations omitted). Despite Defendants' implications to the contrary, see doc. #11, a plaintiff's 41(a)(2) motion is not *per se* improper simply because the plaintiff seeks leave to re-litigate the case in some other forum. See, e.g., id. (internal citations omitted) (juxtaposing "plain legal prejudice" standard with the "mere prospect of a second lawsuit"). Instead, the propriety of dismissal turns on a number of factors, including the "effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." Id.

Dismissal will not subject Defendants to "plain legal prejudice." Luckey filed his Rule 41(a)(2) motion approximately four months after filing his complaint, and less than a month after the entry of all Defendants' answers. (See docs. ##s 1, 5, 6.) At the time, the only pending dispositive motion was the County Defendants' 12(c) motion for judgment on the pleadings. (See doc. #4.) Both of the 12(c) motions now pending before the Court focus largely on a single, relatively narrow statute of limitations issue. (See docs. ##s 4, 10, 12, 15.) Nothing in the record suggests the parties have begun discovery, let alone trial preparations, in this case. Nor–setting aside the dispute over whether he waited too long to file his § 1983 complaint–is there any indication that Luckey has intentionally delayed prosecution of the action. The Court

recognizes that Luckey has not shown any "need" for dismissal beyond his apparent newfound tactical preference for a state forum.[11] However, absent strong countervailing evidence that Luckey has subjected Defendants to significant expense, delay, or other prejudice before moving to dismiss this case, the lack of some more pressing need is not fatal to Luckey's motion. Cf., e.g., Grover, 33 F.3d at 718-19 (finding abuse of discretion where district court granted plaintiffs' motion for dismissal without prejudice after allowing the parties to litigate for nearly a decade and soliciting, at plaintiffs' behest, a certified state supreme court opinion that seemed to "clearly dictate[] a result for the defendant.").

### 2. Dismissal With Prejudice

Plaintiff seeks dismissal without prejudice, the default outcome for grants of Rule 41(a)(2) motions. See Doc. #9; Fed R. Civ. P. 41(a)(2); United States v. One Tract of Real Property Together With all Buildings, Appurtenances, Buildings, and Fixtures, 95 F.3d 422, 425 (6th Cir. 1996). In their opposition, the County Defendants urge the Court to instead dismiss the case *with* prejudice, but do not offer any supporting authority.[12] (Doc. #14.) The Sixth Circuit

---

[11] Liberty Township suggests that even this preference does not constitute a true need, because the Ohio appellate district encompassing Butler County has already endorsed the very same two-year statute of limitations for § 1983 claims that Luckey seeks to avoid in federal court. (See doc. #3.) If this contention is correct, Defendants have little to fear–other than some additional time and inconvenience–from a refiled state-court action. In any event, given that this court is already bound by Ohio law on the statute of limitations question, it is difficult to imagine Luckey will gain any significant, long-term tactical advantage from refiling in Ohio. See, e.g., Manshack v. Southwestern Elec. Power Co., 915 F.2d 172, 174 (5th Cir. 1990) (finding no "clear legal prejudice" to defendant in court's grant of plaintiff's 41(a)(2) motion, even though plaintiff sought to gain tactical advantage on a critical choice-of-law issue by refiling in state court, and noting that the same body of law would likely govern the state court's analysis of that issue).

[12] The County Defendants further assert that Luckey is procedurally barred from filing a "voluntary dismissal" under 41(a). (Doc. #14 at 1.) The Court agrees that at this stage of the proceedings, Rule 41 plainly bars *Luckey* from unilaterally dismissing the case without prejudice

has found that Rule 41(a)(2) "implicitly permits" this Court "to dismiss an action *with* prejudice in response to a plaintiff's motion to dismiss *without* prejudice." One Tract of Real Property, 95 F.3d at 425 (emphasis added). However, because "dismissal with prejudice operates as a rejection of the plaintiff's claim on the merits" that precludes further federal litigation, the Court must first notify a plaintiff of its intent to dismiss with prejudice and allow the plaintiff both to express his opposition and to consider withdrawing his 41(a)(2) motion in order to proceed on the merits. Id. at 426. The Court declines to initiate that process here because it concludes there are simply no grounds for dismissing Luckey's claims with prejudice.

Most Rule 41 dismissals with prejudice occur under subsection (b), which authorizes such dismissals as a sanction for plaintiffs' failure to prosecute actions or comply with relevant court rules or orders. See Fed. R. Civ. P. 41(b); see also Duffy v. Ford Motor Company, 218 F.3d 623, 630 (6th Cir. 1999) (applying standards from 41(b) dismissals to review of 41(a)(2) dismissal order which Court operated in effect as a dismissal with prejudice). In this context, the Sixth Circuit has emphasized that dismissal is a "harsh" remedy reserved for "extreme situations where a plaintiff has engaged in a clear pattern of delay or contumacious conduct." Holt v. Pitts, 619 F.2d 558, 562 (6th Cir. 1980) (reversing order of dismissal in § 1983 action); see also Harris v. Callwood, 844 F.2d 1254, 1256 (6th Cir. 1988). As discussed at Part III.A.1, supra, Luckey's conduct during this brief action simply does not fit the profile. The Court therefore declines County Defendants' invitation to penalize Luckey for his apparent change of heart, and simply **DISMISSES** this action **WITHOUT PREJUDICE** pursuant to Luckey's own 41(a)(2) motion.

---

pursuant to subsection 41(a)*(1)*. See note 10, supra. However, Defendants' analysis does not explain why the *Court* should decline to dismiss without prejudice under subsection 41(a)*(2)*.

### 3.     Award of Defense Costs

The County Defendants also contend–again without exposition–that the Court should couple any dismissal with an award of litigation costs against Luckey.  (Doc. #14.)  While courts often award defense costs in connection with Rule 41(a)(2) dismissals without prejudice,[13] the Sixth Circuit has emphasized that cost awards are discretionary, not mandatory.  See DWG Corp. v. Granada Investments, Inc., 962 F.2d 1201 (1992).  As discussed above, this case is mere months old, and Defendants do not appear to have incurred substantial litigation expenses to date.  If, as expected, Luckey refiles his § 1983 case in Ohio court after dismissal of this federal action, Defendants may be able to reapply much of their recent research and briefing efforts on the governing Ohio statute of limitations to their state defense.  Luckey should not have to reimburse Defendants for work that is likely to be repurposed in related litigation.  See, e.g., Spar Gas, Inc. v. AG Propane, Inc., No. 91-6040, 1992 WL 172129, at **2 (6th Cir. July 22, 1992) (citing in part Mclaughlin v. Cheshire, 676 F.2d 855, 856 (D.C. Cir. 1982)).  The costs of any residual work that *cannot* be used in subsequent litigation are eligible for reimbursement. See Spar Gas, No. 91-6040 at **2.  However, given the prospective administrative burdens of retaining jurisdiction for the sole purpose of enforcing what would likely be a very small monetary award, the Court declines to order any costs here.

### B.     Defendants' Motions for Judgment on the Pleadings

In light of its pending dismissal of this action, the Court declines to reach the merits of

---

[13] Cost awards are generally inappropriate in the context of dismissals *with* prejudice. See, e.g., Spar Gas, Inc. v. AG Propane, Inc., No. 91-6040, 1992 WL 172129, at **2 (6th Cir. July 22, 1992).

Defendants' 12(c) motions for judgment on the pleadings, see docs. ##s 4, 10, and instead **DENIES** both motions **AS MOOT**.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's Rule 41(a)(2) Motion for Voluntary Dismissal Without Prejudice (doc. #9) is **GRANTED**, Defendants' Motions for Judgment on the Pleadings (docs. ##s 4, 10) are **DENIED AS MOOT**, and this action is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(a)(2). No costs are awarded.

IT IS SO ORDERED.

    s/Susan J. Dlott
Susan J. Dlott
United States District Judge